Citation Nr: 1706026 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 10-14 768 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania.


THE ISSUE

Entitlement to additional accrued benefits.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Berryman, Associate Counsel



INTRODUCTION

The Veteran had active service in the Army from June 1943 to January 1964. He passed away in September 1988.

Following the Veteran's death, his widow applied for, and was awarded, VA survivor benefits. She subsequently passed away in April 2006. The appellant is the daughter of the widow and she is seeking to ensure that any accrued benefits due to her mother were appropriately paid.

The appellant resides in the jurisdiction of the VA Regional Office (RO) in Detroit, Michigan. However, this case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 decision letter by the Department of Veterans Affairs (VA) Regional Office and Insurance Center (ROIC) in Philadelphia, Pennsylvania.

This case was previously before the Board in January 2014 and in April 2016.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A review of the record in this case shows that the appellant requested a hearing before a Veterans Law Judge (VLJ) in Washington, D.C. in an April 2010 Form 9 - Appeal to the Board of Veterans' Appeals. In December 2013, the appellant reported that she was unable to travel to Washington, D.C., and she requested a travel board hearing at the Detroit RO.

In January 2014, the Board remanded the appellant's claim to schedule a travel board hearing. On September 11, 2014, the appellant was notified that she was scheduled for a hearing before the Board at the Detroit RO on November 19, 2014. However, the notice was returned to the Detroit RO and marked undeliverable.

In July 2015, the appellant submitted her new mailing address. In March 2016, the appellant requested a new travel board hearing as she did not receive the previous notification.

In April 2016, the Board found good cause and remanded the claim to reschedule another travel board hearing. In September 2016, the appellant was notified that she was scheduled for a hearing before the Board at the Detroit RO on September 21, 2016. This notice also was returned to the Detroit RO and marked undeliverable. 

A review of the record shows that both the April 2016 Board decision and the September 2016 hearing notice were incorrectly sent to the appellant's old address and not her new address. As such, a new hearing should be scheduled and the notice should be sent to the appellant's current mailing address.

Accordingly, the case is REMANDED for the following action:

Schedule the appellant for the requested travel board hearing before a VLJ at the Detroit RO. The Detroit RO should notify the appellant at her current mailing address of the date and time of the hearing, in accordance with 38 C.F.R. § 20.704(b). The case should then be processed in accordance with established appellate practices.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).